**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 5th Avenue, Suite 1744
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KIBIBI ALEXANDER,**<br>*on behalf of herself and others similarly situated*,<br><br>          **Plaintiffs,**<br><br>  - against -<br><br>**AVIS BUDGET GROUP, INC. and AVIS RENT A CAR SYSTEM, LLC**<br><br>          **Defendants.** | **Case No:**<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff KIBIBI ALEXANDER ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, AVIS BUDGET GROUP, INC. and AVIS RENT A CAR SYSTEM, LLC (hereinafter, "Defendants" or "Avis") and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2.      Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid minimum wages (2) unpaid overtime wages, (3) unpaid spread-of-hours premiums, (4) stautory penalties, (5) attorneys' fees and costs.

3.      Plaintiff further alleges that Defendants unlawfully terminated Plaintiff as retaliation for complaining about Defendants' unlawful policies and practices in violation of the FLSA and NYLL, and is seeking from Defendants: (1) an award of backpay and frontpay, (2) liquidated damages, (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff Kibibi Alexander*

8.      Plaintiff is an adult who resides in Bronx County, New York.

9.      Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

10.     Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

*Defendants*

11.     Defendant AVIS BUDGET GROUP, INC. is a foreign business corporation organized under the laws of the State of Delaware with a principal executive office located at 6 Sylvan Way, Parippany, New Jersey, 07054 and an address for service of process c/o United States Corporation Company, 80 State Street, Albany, New York 12207.

12.     Defendant AVIS RENT A CAR SYSTEM, LLC. is a foreign business corporation organized under the laws of the State of Delaware with a principal executive office located at 6 Sylvan Way, Parippany, New Jersey, 07054 and an address for service of process c/o United States Corporation Company, 80 State Street, Albany, New York 12207.

13.     At all relevant times, Avis has been in the vehicle rental business.

14.     Defendants are covered employers within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

15.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

16.     Defendants apply the same employment policies, practices and procedures to all similarly situated employees at Avis.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former employees employed by Avis in their New York

City and Long Island locations as "Rental Sales Agents" from the date that is six (6) years prior

to the filing of the initial Class and Collective Action Complaint until the date of final judgment

in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

18.    At all relevant times, Plaintiff and FLSA Collective Members are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are

and have been subject to Defendants' common policies, practices, procedures and patterns with

regards to their compensation, including their willful and repeated failure to pay Plaintiff and

FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per

workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA

Collective Members.

19.    All of the work that Plaintiff and FLSA Collective Members have performed have

been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff

and FLSA Collective Members have performed.

20.    Defendants are aware or should have been aware that federal law required them to

pay employees minimum wage and overtime wages for all of the hours they work.

21.    For purposes of notice and other purposes related to this collective action, the

names and contact information of FLSA Collective Members are readily available from

Defendants' records.

**<u>NEW YORK CLASS ACTION ALLEGATIONS</u>**

22.    Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule

23, on behalf of herself and a class of persons consisting of all current and former employees

employed by Avis in their New York City and Long Island locations as "Rental Sales Agents"

from the date that is six (6) years prior to the filing of the initial Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

23.     Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

24.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

25.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is little doubt that there are far more than forty (40) members of the Class.

26.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

27.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay for all hours worked, (ii) failing to pay all due overtime wages,

(iii) failing to pay spread-of-hours premiums, (iv) failing to provide proper wage notices, and (v) failing to provide proper wage statements, in violation of the NYLL.

28.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

29.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

30.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

31.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

33.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

35.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

36.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

       a.  Whether Defendants paid Plaintiff and Class Members for all hours worked;

       b.  Whether Defendants paid Plaintiff and Class Members overtime premiums for hours worked in excess of forty hours each work week;

c.   Whether Defendants paid Plaintiff and Class Members the spread-of-hours premium, as required by the NYLL;

d.   Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

e.   Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

37.   Plaintiff was employed by Avis as a rental sales agent, or counter person, from on or around July 25, 2015, until the termination of her employment on August 2, 2020.

38.   Throughout her employment with Defendants, Plaintiff worked at various Avis rental car office locations throughout New York City.  In fact, Plaintiff generally worked at a different rental office each day of the week.  On Sundays and Mondays, Plaintiff typically worked at the East 64th Street location; on Tuesday she was assigned to work at the E 43rd Street location, but would often float to various other locations; on Wednesday she would work at the East 90th Street location; and on Saturday she generally worked at the West 43rd Street location. In total, Plaintiff regularly worked in at least nine different Avis rental locations.

39.   Throughout her employment, Plaintiff worked five days per week, with Thursday and Friday off.  Plaintiff was scheduled to work the morning shift on Saturdays, Sundays, Mondays and Tuesdays from 6:30 a.m. until 3:00 p.m. and the evening shift on Wednesdays from 2:30 p.m. to 11:00 p.m.  However, on days where Plaintiff worked the morning shift, she was required to continue working until relieved by another employee.  As a result, Plaintiff generally continued working between 30 minutes and 1.5 hours beyond the end of her scheduled shift.  Thus, during this period, Plaintiff worked between forty-two and a half (42.5) and forty-eight and a half (48.5) hours per week.

40.     Throughout the relevant period, Defendants utilized a punch clock to record Plaintiff, FLSA Collective Members, and Class Members' hours worked.

41.     During her employment with Avis, Plaintiff was paid on an hourly basis.  For the first six months of her employment Plaintiff was paid $10.00 per hour.  After the first six months, Plaintiff's pay was increased to $10.60.  Thereafter, Plaintiff received a $1.00 raise at the start of each year so that by the time of her termination in 2020, she was being paid $15.60 per hour.

42.     Plaintiff was required to perform multiple varied duties for Defendants.  In addition to working at the counter, Plaintiff, and other rental sales agents, were further required to help prepare, clean and move cars.  Due to the constant demands of the job, and the fact that Plaintiff, and other rental sales agents were required to be available to assist customers at any time, Plaintiff was not able to take an uninterrupted meal break lasting longer than fifteen minutes.  Despite being completely unable to take an uninterrupted meal break, Defendants automatically deducted a thirty-minute meal break from her, and other rental sales agents, pay each day.

43.     Furthermore, from the start of her employment until March 2020, Defendants only paid Plaintiff for around forty hours worked each week despite working well in excess of forty hours.  After March 2020, Plaintiff was only paid for around thirty-three (33) hours per week, despite the fact that her hours worked were unchanged.

44.     At all relevant times, Defendants failed to pay Plaintiff and Class Members spread of hours premiums for workdays lasting longer than ten (10) hours.

45.    Throughout her employment with Defendants, Plaintiff, FLSA Collective Members, and Class Members did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL.

46.    Throughout her employment with Defendants, Plaintiff, FLSA Collective Members, and Class Members did not receive proper wage statements from Defendants, as required under the NYLL.

47.    Based on Plaintiff's observations and conversations with her co-workers at Avis, Plaintiff, FLSA Collective Members and Class Members were subject to the same unlawful wage and hour policies.

48.    Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff and Class Members for all regular hours worked, in violation of the NYLL.

49.    Defendants knowingly and willfully operated their business with a policy of failing to pay all due overtime wages to Plaintiff, FLSA Collective Members and Class Members for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

50.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

51.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

*Retaliation Claims*

52.     Starting around late 2019 Plaintiff began complaining to her managers about Defendants' unlawful wage and hour policies, and particularly Defendants' automatic meal break deduction policy.

53.     Plaintiff complained to unit manager Charlie Surprise on multiple occasions, who ignored her and became visibly agitated in response to her complaints.

54.     Throughout July 2020, Plaintiff continued to complain to her managers about Defendants' wage and hour and employment policies, particularly to Charlie Surprise.

55.     On or around July 18, 2020, Plaintiff had an interaction with an aggressive customer.  Plaintiff followed all policies and procedures, and utilized her years of experience in customer service to de-escalate the situation.

56.     Shortly thereafter, on or around July 25, 2020, Plaintiff was told by Laura Perez, the other unit manager along with Charlie Surprise, that she was putting Plaintiff on suspension without pay while the situation was being investigated.  On August 2, 2020, Plaintiff contacted human resources to ask when she could go back to work.  In response, they stated that Charlie Surprise had terminated her employment.  As such, Plaintiff's termination was direct retaliation for Plaintiff's multiple complaints about Defendants' unlawful wage and hour policies.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

57.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

59.     Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

60.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

61.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

62.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

63.     As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

64.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective

Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

### RETALIATION UNDER THE FLSA, 29 U.S.C. § 215

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     Defendants retaliated against Plaintiff in violation of the FLSA by adversely altering the terms and conditions of her employment, and ultimately terminating her because she complained of Defendants' unlawful employment practices under the FLSA.

67.      In addition to any lost wages resulting from her discharge, as a direct and proximate result of the unlawful discriminatory conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

68.     The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiff is entitled to an award of punitive and/or liquidated damages.

## COUNT III

### VIOLATION OF THE NEW YORK LABOR LAW

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants has been an employer of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71.     Defendants failed to pay Plaintiff Class Members for all hours worked, including overtime wages for hours worked in excess of forty (40) per week, to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

72.     Defendants have failed to pay Plaintiff and the Class the spread-of-hours premium for each day that the length of the interval between the beginning and end of their workday was greater than ten (10) hours.

73.     Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

74.     Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

76.     Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

77.     As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, unpaid minimum wages, unpaid spread-of-hours premium, improperly deducted wages, liquidated damages, including liquidated damages for the late payment of wages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## COUNT IV

## RETALIATION UNDER THE NYLL

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Defendants retaliated against Plaintiff in violation of the NYLL by adversely altering the terms and conditions of her employment, and ultimately terminating her because she complained of Defendants' unlawful employment practices under the NYLL

80.     In addition to any lost wages resulting from his discharge, as a direct and proximate result of the unlawful discriminatory conduct in violation of the NYLL, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

81.     The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiff is entitled to an award of punitive and/or liquidated damages, in addition to compensatory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime wages due under the FLSA and NYLL;

e.  An award of unpaid wages due under the NYLL;

f.  An award of compensatory and punitive damages, plus an award of damages for emotional distress in an amount to be determined at trial, plus liquidated damages and interest, for Defendants' unlawful retaliatory practices

g.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime; minimum wage; spread-of-hours premium; unpaid prevailing wages, pursuant to the FLSA or NYLL;

h.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

i.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

j.   Pre-judgment and post-judgment interest;

k.   Reasonable attorneys' fees and costs of this action;

l.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

m.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

n.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated:  December 7, 2020                              Respectfully submitted,

                                                             **BROWN, KWON & LAM LLP**

                             By:       */s/ William Brown* _____

                                               William Brown, Esq. (WB6828)
                                           521 Fifth Avenue, Suite 1744
                                           New York, NY 10175
                                           Tel.: (718) 971-0326
                                           Fax: (718) 795-1642
                                           wbrown@bkllawyers.com
                                           *Attorneys for Plaintiff*

## FLSA CONSENT FORM

I hereby consent to be part of the lawsuit against Avis Budget Group, Inc. and Avis Rent A Car System, LLC and any such other Defendants who may be added to the case in the future. I understand that the lawsuit alleges overtime violations under the Fair Labor Standards Act.  I hereby give consent to the law firm of Brown Kwon & Lam, LLP to bring this suit on my behalf.

Kibibi alexander
_____
First and Last Name (printed)


_____
Signature


12/11/2020
_____
Date